USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THEO MILONOPOULOS,

                Plaintiff,

-against-

TRUSTEES OF COLUMBIA UNIVERSITY; ANDREA SOLOMON, SENIOR ASSOCIATE DEAN FOR ACADEMIC ADMINISTRATION; DARICE BIRGE, ASSISTANT DEAN OF STUDENTS; CARLOS ALONSO, DEAN, GRADUATE SCHOOL OF ARTS AND SCIENCES; THOMAS TARDUOGNO, DIRECTOR OF FINANCIAL AID; DEIDRE FUCHS, DIRECTOR OF INVESTIGATIONS, DEPARTMETN OF PUBLIC SAFETY; ALLAN CASSORLA, DIRECTOR, COUNSELING AND PSYCHOLOGICAL SERVICES; KARIMI MAILUTHA, PSYCHIATRIST, COUNSELING AND PSYCHOLOGICAL SERVICES,

                Defendants.

14-CV-7241 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

By order dated September 8, 2014, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court denies Plaintiff's request for an order to show cause why he should not be granted immediate injunctive relief. The Court directs service on Defendants.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Order to Show Cause

A preliminary injunction or temporary restraining order will be granted if the moving party shows that he will suffer irreparable harm absent injunctive relief and either (1) that he is likely to succeed on the merits of his claim; or (2) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.  *Id.* (citing *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000)).  "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff alleges that Columbia University temporarily suspended him and instituted disciplinary proceedings after learning that he had been charged with a violent felony on a university campus in California.  (Compl. at 24-25.)  He asks this Court to enjoin Columbia University from enforcing this interim suspension.  (Pl. Unsigned Order to Show Cause (ECF No. 3) at 2.)  "The A[mericans with] D[isabilities] A[ct] and the Rehabilitation Act permit [a university] to discipline a student even if the student's misconduct is the result of disability." *Tylicki v. St. Onge*, 297 Fed. App'x 65, 67 (2d Cir. 2008).  Plaintiff thus fails to carry his burden

of showing that he is likely to succeed on the merits of his claim.  The Court therefore denies Plaintiff's request for an order to show cause.

### B. Service on Defendants

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant.  Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for each Defendant and return those forms to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, Plaintiff must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to Plaintiff.  If within thirty days, Plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of each completed USM-285 form, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

No matter what method of service Plaintiff chooses, Plaintiff must effect service within 120 days of the date the summons is issued.  It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).  If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.  Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff changes his address, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court denies Plaintiff's request for an order to show cause (ECF No. 3). The Clerk of Court is instructed to send Plaintiff one USM-285 form for each Defendant so that Defendants may be served.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 10, 2014
       New York, NY

Vernon S. Broderick
United States District Judge